FILED
SUPERIOR COURT
OF GUAM

2022 DEC 19 PM 2: 37

CLERK OF COURT

BY:_____



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JIN YONG YOON,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>    vs.<br><br>CHOONG GEUN LEE aka<br>CHUNG KUN LEE,<br><br>    Defendant/Counterclaimant. | CIVIL CASE NO. CV0140-18[1] |
| HYE SUN AND JUNG EUNG KANG,<br><br>    Plaintiffs,<br><br>    vs.<br><br>JIN YONG YOON,<br><br>    Defendant. | DECISION AND ORDER<br>GRANTING DEFENDANT JIN<br>YONG YOON'S MOTION TO DISMISS |
| JIN YONG YOON,<br><br>    Third Party Plaintiff,<br><br>    vs.<br><br>CHOONG GEUN LEE aka<br>CHUN KUN LEE,<br><br>    Third Party Defendant. | |

---

[1] CV0140-18 was previously consolidated with CV0180-19 because both cases arose out of the same set of facts, with the Court ordering CV0140-18 as the surviving case.

# I. INTRODUCTION

This matter is before the Honorable Judge Maria T. Cenzon on Defendant Jin Yong Yoon's ("Yoon") Motion to Dismiss the Complaint (hereinafter referred to as the "Motion") of Plaintiffs Hye Sun and Jung Eung Kang ("Sun and Kang" or "Plaintiffs") and, as a natural consequence, Yoon's Third Party Complaint against Third Party Defendant Chung Kun Lee ("Lee").[2] Yoon is represented by Attorney Terence E. Timblin. Plaintiffs are represented by Lujan and Wolff, LLP (the "Lujan & Wolff Firm"), who did not file a response.[3]

Following the closing of the pleadings, the Court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.l(e)(6)(A) of the Local Rules of the Superior Court of Guam. Having duly considered the brief, the record, and the applicable statutes and case law, the Court now issues the following Decision and Order **GRANTING** Yoon's Motion with respect to Sun and Kang's claims against him and his third-party claims against Lee. As a consequence of dismissing the actions originally advanced in CV0180-19, the only remaining claims are Yoon's original claims against Lee and Lee's claims as set forth in his counterclaim against Yoon.

//

//

//

---

[2] Although movant Jin Yong Yoon ("Yoon") styled his motion as "Defendant Jin Yong Yoon's Motion to Dismiss," Yoon is actually the Plaintiff/Counterclaim Defendant/Third Party Plaintiff in the surviving case of Civil Case No. CV140-18, having brought this action against Chung Kun Lee ("Lee"), as the named defendant in his Complaint for Assault and Battery filed on February 7, 2018. Yoon is, however, the named *defendant* in Civil Case No. CV0180-19, which was consolidated with CV0140-18 by this Court pursuant to GRCP Rule 42. *Order Consolidating Matters Pursuant to GRCP Rule 42* (Feb. 7, 2020).

[3] Plaintiffs Sun and Kang are identified in Yoon's motion as the "Plaintiffs," which correctly identifies their party status in CV0180-19.

## II. BACKGROUND

This matter consists of two separate civil cases that were subsequently consolidated as Civil Case No. CV0140-18. In CV0140-18, Yoon filed a complaint against Chung Kun Lee ("Lee") for Assault and Battery stemming from an altercation that occurred on September 9, 2017, in Harmon, Guam. *See* Compl. At ¶ 4 (Feb. 7, 2018). Lee denied the claims and asserted a counterclaim against Yoon, claiming that Yoon "intentionally and without justification" assaulted him "by striking Lee's face with his elbow." Answer and Countercl. in CV0140-18 at ¶ 4 of Counterclaim (Mar. 26, 2018).

Thereafter, two individuals, Sun and Kang, filed a separate complaint against Yoon in Civil Case No. CV180-19 for damages arising out of the same September 9, 2017 incident involving Yoon. In their Complaint, Sun and Kang allege that Yoon "verbally threatened and harassed [them] at Nonturung Batyurung Restarant in Harmon, Guam." Compl. At ¶ 4 (Feb. 20, 2019). They claim that they asked Lee, who was there as a patron of the restaurant, to help them respond to Yoon because they were frightened by Yoon's conduct. Id. at ¶ 5. Sun and Kang assert that they witnessed Yoon strike Lee. Id. at ¶ 7. Sun and Kang sought general, special, punitive and exemplary damages against Yoon, who denied the claims and filed a third-party complaint for contribution or indemnification of any damages against Lee. Def.'s Answer and Third Party Compl. in CV0180-19 (Aug. 19, 2019). Because CV180-19 involved the same set of facts which formed the basis of the claims of Yoon and Lee in CV140-18, this Court consolidated both cases pursuant to Rule 42 of the Guam Rules of Civil Procedure ("GRCP"). *See* Order (Feb. 7, 2020).

Despite the age of this lawsuit, Sun, Kang and Lee have done little to defend against or to prosecute their claims against Yoon. To illustrate, in 2018, despite mutually agreeing to refer CV140-18 to mediation, Lee failed to appear for a court-ordered mediation. *See* Order for

Mediation (May 29, 2018); *See* Mediator's Statement (July 9, 2018) (Reporting to the Court that "after 15 minutes [of waiting,] we reached out to Attorney Rudolph and were informed that the Defendant Mr. Chung Kun Lee will not be attending the scheduled mediation."). During a status hearing on July 11, 2018, Attorney Rudolph, representing Lee, indicated that she was unable to contact her client to attend the mediation with an interpreter and requested that mediation be scheduled again. Hr'g Tr. at 3:37 PM (Jul. 11, 2018). The Court then issued a second Order for Mediation at the parties' request. Order for Mediation (Jul. 25, 2018). During a status hearing on September 26, 2018, the parties informed the Court that they were unable to resolve it despite attempting to do so in good faith. Hr'g Tr. at 3:48 PM (Sept. 26, 2018).

The parties did engage in some discovery, however, it was Yoon who issued deposition notices of the Defendants. Yoon's Ntc. To Take Deposition of Chung Kun Lee (Jan. 28, 2019); Yoon's Depo. *Subpoena Duces Tecum* (issued to Jannett Tamayo Sanchez)(Jan. 28, 2019). During the Scheduling Conference on April 17, 2019, Lee and Yoon requested the Court refer the case to a settlement judge, which the Court granted. See Hr'g Tr. at 3:32 -3:33 PM (Apr. 17, 2019); Order Re: Settlement Court (Apr. 25, 2019). However, once again, Lee failed to appear. *See* Notice of Termination of Settlement Conference (Oct. 2, 2019)("Plaintiff and his attorney appeared for the Settlement Conference. Defendant's attorney was present, but the Defendant was not and Defendant's attorney did not have settlement authority."). It is noteworthy to mention that, while Yoon submitted a Settlement Conference Statement as ordered by Referee Linda Ingles, Lee failed to submit the ordered Settlement Conference Statement. Thus, upon Yoon's motion for sanctions for Lee's repeated failure to engage in court-ordered settlement discussions, the Court granted Yoon attorney's fees, but denied the request to dismiss the matter in its entirety. *See* Decision & Order (Feb. 7, 2020).

Turning now to CV180-19, on request of the Lujan & Wolff Firm, who represents Sun and Kang as the Plaintiffs in that case, the two cases were consolidated into CF0140-18; however, Lee, Sun and Kang continued to do almost nothing in furtherance of their claims and counterclaim against Yoon. After Sun and Kang failed to respond to Yoon's discovery requests and upon considering Sun and Kang's repeated failure to either respond to such requests or to engage in discussions or meet with Yoon to resolve any discovery issues, as well as Sun and Kang's failure to file any opposition or other response to Yoon's motion to compel, the Court granted Yoon's motion and ordered Sun and Kang to produce the requested discovery within thirty days of the filing of the order or face possible dismissal of their claims. *See* Order (July 20, 2022). The thirty days came and went with no response from Sun and Kang.

As a result of Sun and Kang's inaction, Yoon filed his current Motion to dismiss their claims against him. *See* Yoon's Br. (Sept. 7, 2022). Additionally, "[s]hould this Motion be granted," Yoon states, then "Yoon's Third-Party Complaint against Third Party Defendant, Chung Kun Lee, should also be dismissed." *Id.* at 2. Lastly, Yoon adds that he "does not seek attorney's fees as it appears that the Plaintiffs [Sun and Kang] are no longer on island and that any attempt to collect would be futile." *Id.* at 3.

## III.  DISCUSSION

"Under the Guam Rules of Civil Procedure ("GRCP"), trial courts have significant and broad discretion to issue orders as to discovery and to impose discovery sanctions, when necessary." Paul's Guam Inc. v. Super. Ct. of Guam, 2020 Guam 30 ¶ 17. GRCP 37, titled "Failure to Make Disclosure or Cooperate in Discovery; Sanctions," states that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ...

**(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party**; ...

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

GRCP 37(b)(2)(C)(emphasis added).

GRCP 37 is molded after and strikingly similar to Rule 37 of the Federal Rules of Evidence. "As a threshold matter, we note that because the Guam Rules of Civil Procedure are generally derived from, although not identical to, the Federal Rules of Civil Procedure ("FRCP") federal decisions that construe the federal counterparts to the Guam rules of Civil Procedure are persuasive authority." Gov't of Guam v. O'Keefe, 2018 Guam 4 ¶ 9. The Ninth Circuit Court of Appeals has identified five factors that a court, acting in its discretion, must weigh before dismissing an action pursuant to Rule 37 due to a party's failure to provide discovery: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" In re Exxon Valdez, 102 F. 3d 429, 433 (9th Cir. 1996)(citing Thompson v. Hous. Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.), *cert. denied* 479 U.S. 829 (1986)). The Guam Supreme Court has adopted this same five-factor test in determining whether dismissal is an appropriate sanction for violation of discovery rules under GRCP 37(d) and 41. *See* Santos v. Carney, 1997 Guam 4.

"Dismissal, however, is authorized only in 'extreme circumstances' and only where the violation is 'due to willfulness, bad faith, or fault of the party.'" Exxon Valdez at 432 (quoting

United States v. Kahaluu Constr. Co., Inc., 857 F. 2d 600, 603 (9th Cir. 1988). The *Exxon Valdez* case is especially pertinent here because the court therein specifically addressed dismissal as an appropriate sanction for violation of discovery requests: "The heart of the appeal is the court's order dismissing the appellants' actions for failure to respond to appellees' discovery requests. Under Rule 37(b)(2)(C), if a party fails to obey an order to provide discovery, the court may dismiss the action, "rendering a judgment by default against the disobedient party." Fed.R.Civ.P. 37(b)(2)(C).

In *Exxon Valdez*, the court recognized "a virtually total refusal by appellants over a period of more than two years to comply with discovery obligations and orders." Exxon Valdez at 432. In finding that dismissal by the trial court for discovery violations was appropriate, the Ninth Circuit applied the five-factor analysis and determined, *inter alia,* that "the total failure to respond to discovery and the time consumed by attempting to secure compliance prejudiced appellees," Id. at 433, that the court and special master warned that continued noncompliance would result in dismissal (as the court did here) after earlier denying (as the court also did here) earlier motions to dismiss while imposing costs on the non-complying party as a lesser sanction (also as the court did here). *Exxon Valdez* is particularly persuasive here because the Court considers Yoon's motion to dismiss based upon GRCP 37(b)(2)(C), which is substantively identical to FRCP 37(b)(2)(C)'s dismissal provisions.

Applying these five factors, the Court now considers the instant Motion to Dismiss.

**A.      Sun and Kang's Failure to Respond to Discovery Demands and To Comply with The Court's Order is Knowing, Willful and Constitutes Bad Faith.**

The Court finds that Sun and Kang's failure to respond to Yoon's discovery requests was knowing, willful and in bad faith. In Yoon's earlier motion to compel discovery, his counsel

outlined the extensive back and forth communications undertaken with the Lujan & Wolff Firm in an effort to obtain the discovery from Sun and Kang. *See* Yoon's Br. at 4 (Apr. 19, 2022) (illustrating that discovery was originally due on August 2, 2021 but was never received despite granting Plaintiffs' counsel multiple extensions via email). Effectively, the Lujan & Wolff Firm acknowledged their tardiness, indicated the intent to furnish the discovery, but then Sun and Kang and their counsel were never heard from again in this lawsuit. This demonstrates an awareness by Sun, Kang and counsel of their discovery obligations and, more gravely, of their conscious and callous disregard for them and this Court's order compelling the production of this discovery. *See* Order (July 20, 2022). As of the issuance of this Decision and Order, Sun and Kang have not furnished the discovery demanded, and the Lujan & Wolff Firm has not submitted any good cause to account for such failure.

"'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." Henry v. Gill Industries, Inc., 983 F. 2d 943, 948 (9th Cir. 1993) (quoting Fjelstad, 762 F. 2d at 1341). That these actions seem to be the doing of Plaintiffs' counsel instead of Plaintiffs themselves is of little import. *See* King v. Dynasty M/V et al., 433 Fed. Appx. 570, 573 (9th Cir. 2011) (rejecting litigant's argument that it is unfair to use his counsel's mistakes against him in a Rule 37 dismissal because "[i]n assessing the consequences of our decision upon [the litigant] as distinguished from counsel, it must be remembered that [the litigant] voluntarily chose [his attorney] as his representation in the action, and he cannot now avoid the consequences of the acts or omissions of [his] freely selected agent.") (internal quotation marks omitted). Thus, Plaintiffs' counsel's handling of discovery is imputed onto Sun and Kang.

Having ruled that their non-compliance with their discovery obligations was willful and in bad faith, the Court turns to the five factors in *Santos* and *Exxon Valdez* to continue its analysis.

**1. The public's interest in the expeditious resolution of litigation.**

The Ninth Circuit acknowledges that the first two factors typically "favor the impositions of sanctions in most cases . . . ." *Wanderer v. Johnston*, 910 F. 2d 652, 656 (9th Cir. 1990). Indeed, the public has an inherent interest in their courts being readily available to adjudicate disputes instead of being clogged by inactive cases. This case has been unable to proceed because Plaintiffs Sun and Kang have failed to provide Yoon with the discovery that was first due more than a year ago. *See* Yoon's Status Report (Apr. 19, 2022) ("YOON submits that trial cannot go forward until his Motion to Compel discovery . . . is resolved."). Further delay is unjustified. This factor weighs in favor of dismissal.

**2. The Court's need to manage its docket.**

It is recognized that "[t]rial courts 'have an inherent power to control their dockets. In the exercises of that power they may impose sanctions including, where appropriate, default or dismissal.'" *Gov't of Guam v. O'Keefe*, 2018 Guam 4 (quoting *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006)). As a result, the *Johnston* court acknowledged this factor typically favors sanctions and the present facts do not present an exception. This Court must heed way to active cases requiring just and speedy resolutions. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Plaintiffs]." *Pagtalunan v. Galaza*, 291 F. 3d 639, 642 (9th Cir. 2002). This factor weighs towards dismissal.

//

//

### 3. The risk of prejudice to Yoon.

"A defendant suffers prejudice if the plaintiff[s'] actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. Delay alone has been held to be insufficient prejudice. Failure to produce documents as ordered, however, is considered sufficient prejudice." Adriana Int'l Corp. v. Thoeren, 913 F. 2d 1406, 1412 (9th Cir. 1990).

The Plaintiffs failure to furnish discovery cannot be construed as a mere delay with an eventual delivery. Instead, they have continued to disregard this Court's July 20, 2022 order to produce the documents and ignored any warning that their continued failure would result in dismissal. Sun and Kang's continued refusal to comply with the discovery mandates sufficiently demonstrates the prejudice to Yoon. More than this, however, their delay has continued to prevent this matter from proceeding to trial and with each day that passes, Yoon is further prejudiced due to the irretrievable loss of evidence from the mere passage of time, including the dimming of witnesses' memories, the availability of any such witnesses, and the mounting costs burdened upon Yoon to maintain this stale litigation that Plaintiffs have seemingly abandoned. Under these circumstances, the Court finds that this factor weighs in favor of dismissal.

### 4. The public policy favoring disposition of cases on their merits.

"Generally, public policy favors the disposition of cases on their merits and disfavors the dismissal of cases prematurely." Lujan v. McCreadie, 2014 Guam 19 ¶ 21 (citing Santos, 1997 Guam 4 ¶ 9). "Although public policy always favors a resolution of cases on their merits, and this factor generally weighs in favor of the plaintiff, 'it must be weighed against the first two factors, the expeditious resolution of litigation and the court's need to manage its docket.'" Park v. Kawashima, 2010 Guam 10 ¶ 22 (quoting In re Estate of Concepcion v. Siguenza, 2003 Guam 12

¶ 23). "The question is whether the policy of determining cases on their merits justifies the delay and prejudice caused . . . ." *Id.*

Plaintiffs' inaction in this matter is tantamount to a complete abandonment of their claims against Yoon, and their disappearance has prevented Yoon from preparing an adequate defense against their claims. While this Court acknowledges that public policy favors disposition of the case on its merits, "[i]t is sufficient to demonstrate" that Plaintiffs have 'ignored [their] responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof.'" Santos, 1997 Guam 4 ¶ 9 (quoting Anderson v. Air West, Inc., 542 F. 2d 522, 526 (9th. Cir. 1976)). Furthermore, "[t]he public policy of determining cases on their merits should not be used defensively as a shield by [] passive Plaintiff[s] who ha[ve] failed in [their] obligation to prosecute the defendants with the vigor expected of a plaintiff." *Id.*

Without responding to Yoon's Motion to Dismiss, Plaintiffs have failed to show how this factor outweighs the interests of reaching an expeditious resolution to this litigation and the Court's need to manage its docket. The Ninth Circuit in *Exxon Valdez* recognized this dichotomy of interests, yet found in favor of dismissal, stating: "The overwhelming weight of the factors supporting dismissal overcomes the policy favoring disposition of cases on their merits. But even that policy lends little support to appellants, whose total refusal to provide discovery obstructed resolution of their claims on the merits." Exxon Valdez at 433. Plaintiffs Sun and Kang have acted similarly to those in *Exxon Valdez.* Accordingly, this factor weighs in favor of dismissal.

**5. The availability of less drastic sanctions.**

The following considerations are weighed when determining the availability of less drastic sanctions to dismissal: (1) the feasibility of less drastic sanctions and if alternative sanctions would be inappropriate, (2) whether alternative sanctions were previously implemented, and (3) whether

the plaintiffs were previously warned by the court that dismissal was possible. Malone v. U.S. Postal Serv., 833 F. 2d 128,132 (9th Cir. 1987). However, the court is not "required to examine every single alternate remedy in deciding if sanction of dismissal is appropriate." Park, 2010 Guam 10 ¶ 24. "[T]he reasonable exploration of possible and meaningful alternatives is all that is required." *Id.* (quoting Anderson, 542 F.2d at 525). Moreover, "[t]he trial court is not required to impose lesser sanctions, when the rules do not so provide, and when to do so would encourage neglect and noncompliance with the Guam Rules of Civil Procedure." Santos, 1997 Guam 4, ¶10.

Here, the Court previously sanctioned the Plaintiffs by awarding attorney's fees to Yoon when it first issued its order that discovery be produced. *See* Order at 2 (July 20, 2022). Imposing more sanctions for the continued violation of this Court's order would be ineffective, as Yoon declares that he "does not seek attorney's fees as it appears that the Plaintiffs are no longer on Island and that any attempt to collect would be futile." Yoon Br. at 3 (Sept. 7, 2022). Thus, "[t]here [is] no reason to expect that [Plaintiffs will] respond more satisfactorily to a second round of intermediate sanctions than [they] did to the first." Henry, 983 F. 2d at 948.

Perhaps more importantly, apart from imposing attorney's fees upon the Plaintiffs in the Court's order, the Court also warned the Plaintiffs of the possibility of dismissal when it granted Yoon's motion to compel. *See* Order at 2 (July 20, 2022) ("[S]hould Plaintiffs HYE SUN and JUNG EUN KANG fail to comply with this Order, Defendant Yoon may file a request for additional sanctions, including but not limited to, dismissal of their Complaint."). When affirming the trial court's decision to dismiss pursuant to FRCP 37, as noted, *supra,* the court in *Exxon Valdez* favorably noted that before invoking the drastic sanction of dismissal, the court and master warned appellants that continued noncompliance with discovery rules and orders would result in dismissal. Exxon Valdez at 433.

Applying the facts of this case, this factor weighs in favor of dismissal because Plaintiffs have already been previously sanctioned, another round of less drastic sanctions are unfeasible since the Plaintiffs (upon information and belief) are no longer on Guam, and because the Plaintiffs were forewarned of possible dismissal of the case.

Under the particular circumstances, dismissal of Plaintiffs' Complaint against Yoon is the appropriate and favorable remedy. Plaintiffs have knowingly, willfully and in bad faith failed to comply with this Court's order to provide Yoon with discovery. Ultimately, "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such deterrent.'" Roadway Express, Inc. v. Piper, 447 U.S. 752, 763 (1980) (quoting Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976)). The Court therefore dismisses Plaintiffs' Complaint pursuant to GRCP 37 *with* prejudice.

**B.      Yoon's Third-Party Claims Against Lee Are Dismissed Without Prejudice.**

Having disposed of Sun and Kang's Complaint against Yoon *with prejudice*, Yoon requests this Court to dismiss his Third-Party Complaint against Lee. *See* Yoon's Br. at 3 (Sept. 7, 2022) ("Should the Complaint be dismissed, Yoon's Third Party Complaint against Third Party Defendant, CHUNG KUN LEE, should also be dismissed."). The Court hereby GRANTS Yoon his request to dismiss his Third-Party Complaint against Lee, which claim arose by virtue of Sun and Kang's separate claims against Yoon in CV180-19. However, the Third-Party Claims are dismissed without prejudice as set forth herein.

**C.      Yoon's Original Complaint Against Lee in CV0140-19 Survives.**

As a result of dismissing Sun and Kang claims against Yoon and Yoon's third-party contribution or indemnification claim against Lee having been extinguished by such dismissal, the

only claims which remain unadjudicated in this consolidated case are Yoon's original Complaint against Lee and Lee's original counterclaim against Yoon.

The Court notes that the Lujan & Wolff Firm represents both Defendant/Counterclaimant Lee and prior Plaintiffs Sun and Kang, and that Lee has neither actively defended against Yoon's lawsuit nor has he prosecuted his claims against Yoon. Therefore, Lee is on notice through this Decision and Order that his continued failure to appear in this case and to prosecute his counterclaim could lead to its dismissal. "The authority . . . to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). Moreover, Lee's continued failure to defend against Yoon's claims against him may subject him to a default judgment in Yoon's favor.

## IV.   CONCLUSION

For the reasons set forth herein, the Court **GRANTS** Yoon's Motion to Dismiss Plaintiffs Sun and Kang's claims against him *with prejudice*. The Court also **GRANTS** Yoon's request to dismiss his third-party claim contribution and/or indemnification claims against Lee, but the Court shall dismiss these claims *without* prejudice in order that Yoon may continue to prosecute his original claims against Lee and Lee may continue to prosecute his counterclaims against Yoon as the sole remaining causes of action in this case.[4]

//

//

---

[4] Although the dismissals herein operate as a final adjudication upon the merits of the claims of Sun and Kang against Yoon and Yoon's third-party contribution/indemnification claims against Lee which might have arisen from any judgment obtained by Sun and Kang against Yoon, the Court shall issue its Judgment upon the final resolution of the remaining claims involving Yoon and Lee.

A notice of Scheduling Conference relating to Yoon's Complaint and Lee's Counterclaims shall be issued under separate cover.

SO ORDERED this _December 19, 2022_.

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

SERV
I acknowledge th
copy of the original was e-mailed to:
Lisa Ann
Timblin
Date:_____ Time: 12/19/22
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam